*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2020-086

JUNE TERM, 2020

| Phalan Haney v. Justin Dorney* | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Washington Unit, |
| | } | Family Division |
| | } | |
| | } | DOCKET NO. 191-7-17 Wndm |
| | | |
| | | Trial Judge: Kirstin K. Schoonover |

In the above-entitled cause, the Clerk will enter:

Father appeals pro se from the trial court's denial of his motion to reopen this parentage case to allow for genetic testing concerning daughter. We affirm.

The trial court issued a final parentage order in November 2017 based on the parties' stipulation. Father stipulated that he was the parent of the parties' now seven-year-old daughter and twelve-year-old son. Mother was awarded sole legal and physical parental rights and responsibilities with respect to both children. In June 2018, after a contested child support deviation hearing, father was ordered to pay child support. Several days later, he moved for genetic testing with respect to daughter. In his motion, father explained that at the time he stipulated to parentage in November 2017 he wanted to ask for a genetic test of his daughter but did not know when to bring it up; he explained that he and mother had not been together when mother became pregnant with daughter, but had gotten back together later. Following a hearing, on July 23, 2018, the court denied his request. Father did not appeal from this decision.

Eighteen months later, in January 2020, father again moved to reopen the parentage case to allow for genetic testing of daughter. He alleged that he had taken a home DNA test that excluded him as daughter's father. The court denied the motion, noting that the court had previously denied father's post-judgment motion for genetic testing in July 2018 and that the parties had previously stipulated to parentage. Father appealed.

Father argues that this case should be reopened based on the alleged results from his home DNA test. He asserts that mother disclosed the results of the test to the child and states that he and the child would like to have certainty going forward.

We find no error. We treat father's motion as a motion to set aside the judgment of parentage pursuant to Vermont Rule of Civil Procedure 60(b). We review the trial court's decision to deny the motion with deference. See Lyddy v. Lyddy, 173 Vt. 493, 497 (2001) (mem.) (recognizing that trial court has discretion in ruling on motion to set aside judgment under Rule 60(b) and its decision "will stand on review unless the record indicates that such discretion was abused").

A party may seek relief from judgment under Rule 60(b) for various reasons, many of which are subject to a one-year time limitation. To the extent that father's argument below was premised on "mistake," "surprise,' "newly discovered evidence" or "fraud," his motion was not filed within one year and it was therefore untimely. See V.R.C.P. 60(b) (stating that motion to set aside judgment on these grounds must be filed within one year after entry of judgment).

To the extent that father relies on the catch-all provision in Rule 60(b)(6), the court acted within its discretion in denying his request. See Godin v. Godin, 168 Vt. 514 (1998) (rejecting argument that father's desire for genetic testing warranted setting aside six-year-old divorce order that had established his paternity). We recognized in Godin that a parent's interest in the "genetic 'truth' of a child's origins" is "subsidiary to the interests of the state, the family, and the child in maintaining the continuity, financial support, and psychological security of an established parent-child relationship." Id. at 523. Thus, "absent a clear and convincing showing that [reopening a judgment under Rule 60(b)(6)] would serve the best interests of the child, a prior adjudication of paternity is conclusive." Id. at 523-24.

Father failed to make the necessary showing here. He stipulated to parentage in November 2017. By that point, his daughter was four-and-a-half years old and a parent-child relationship was established. His subsequent request to reopen the parentage judgment was denied after a hearing. Now, more than two years later, he seeks to revisit the question of his paternity in an effort to provide certainty and closure. It was the November 2017 parentage order, however, that provided certainty and closure for the parties, including the child. As we held in Godin, notwithstanding father's "interest in ascertaining the true genetic makeup of the child," "the financial and emotional welfare of the child, and the preservation of an established parent-child relationship, must remain paramount." Id. at 523. The court did not err in denying father's motion.[*]

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Beth Robinson, Associate Justice

William D. Cohen, Associate Justice

---

[*] The materials father submitted in his combined brief and printed case include a note from a lawyer referencing an argument that the two-year limit for challenging a voluntary acknowledgment of parentage set forth in 15C V.S.A. § 308 does not apply to father because that provision was part of law that took effect on July 1, 2018. See 1 V.S.A. § 214(b) (providing that the amendment or repeal of a statute shall not affect any right or liability accrued prior to the effective date of the amendment or repeal). We note that our decision does not rest on this provision, which involves challenges to a voluntary acknowledgment of parentage pursuant to 15C V.S.A. § 304. In this case, father's parentage was established by court order, and the rules for setting aside final court orders, described above, govern our analysis.